408 P.2d 903

**J. W. EDGAR, aka Jim Edgar and Evelyn Edgar, his wife, Plaintiffs and Respondents,**

v.

**COMBINED PRODUCTION ASSOCIATES, LTD., a Utah corporation, and A. B. Thomas, Defendant and Appellant.**

**No. 10440.**

Supreme Court of Utah.

Dec. 15, 1965.

**244**

H. G. Metos, Salt Lake City, for appellant.

Verden E. Bettilyon, Salt Lake City, for respondents.

HENRIOD, Chief Justice.

Appeal from an amended judgment ordered on appeal after a previous appeal [1] and remittitur with instructions. Judgment on second appeal affirmed, with costs to respondents, subject to conditions hereinafter mentioned.

This case was here before (16 Utah 2d 358, 401 P.2d 314). Our remittitur ordered the lower court to require plaintiffs to deliver a deed if defendants paid into court the money under the contract. The trial court recited the terms of the remand but said simply in the capitalized decree part that, "In the event the defendants shall pay said judgment on or before October 1, 1965, it shall be entitled to a delivery of a deed * * *" of the property. With the recitation of the jurisdictional facts and our decree, we think the whole thing was a compliance with our remand, and understandable. Defendant thinks not.

To divorce the specifics of our remand from the trial court's decree on account of technicality in verbiage in the recitation and decree itself, both parts of which were signed by the judge, is something that we

[1.] 16 Utah 2d 358, 401 P.2d 314.

think may disregard logic, practicality, intent, and the law of the case.

So far as we are concerned, the plaintiffs here were required to deliver a deed to defendants if the latter paid the amount of the judgment into court. Neither plaintiffs nor defendants deposited anything anywhere.

Since there may be an honest question as to a difference between what we said and what the trial court did, we say that if the plaintiffs deliver to the clerk of the court a good and sufficient deed to the property involved herein within ten (10) days of the date of the remittitur herein, and if defendants or any of them deposit with the clerk of the above court within thirty (30) days thereafter the amount of the judgment heretofore entered, the court should enter an amended judgment forthwith and this case is closed. If the plaintiffs do not comply with this mandate, the defendants are relieved from the judgment. If the plaintiffs comply and the defendants fail to comply and do not deposit the amount of the judgment heretofore entered as modified by this decree, the judgment stands, and the proffered deed returned.

McDONOUGH, CROCKETT, WADE and CALLISTER, JJ., concur.